[Civ. No. 28874. First Dist., Div. Two. Feb. 25, 1972.]

ISAAC VAN KEMPEN, a Minor, etc., et al., Plaintiffs and Appellants, v. HAYWARD AREA PARK, RECREATION AND PARK DISTRICT, Defendant and Respondent.

## Counsel

Gonick, Schmid & Bernstein and Louis M. Bernstein for Plaintiffs and Appellants.

Barfield, Barfield, Dryden & Ruane and Robert E. Dryden for Defendant and Respondent.

## Opinion

**KANE, J.**—Plaintiffs Isaac Van Kempen, a minor, by Arnold C. A. Van Kempen, his guardian ad litem, and Arnold C. A. Van Kempen appeal from a judgment entered on a jury verdict in favor of respondent Hayward Area Park, Recreation and Park District.

The accident giving rise to this case took place in the Palma Ceia Park, maintained by respondent, in the City of Hayward, California, on April 25, 1965. At the time of the accident there was a construction project in

progress in the park under the supervision of one Walter Silva, an employee of respondent. For the use of the workmen on the construction site a work bench was made by one Osmund Mikesell, another employee of respondent. The bench was left on the construction site each night for the members of an informal citizens group for night work.

Despite its weight—approximately 250-300 pounds—the bench was removed from its normal place by unknown persons and was used by children as a runway between the roof of a clubhouse and the roof of a storage building. In order to prevent such misuse, the bench was then secured to a chain link fence by a chain and padlock. Prior to the accident, however, the bench was again broken away, and was seen prior to and on the day of the accident as standing on end leaning against a wall. Isaac and his three brothers were playing in the vicinity of the bench when it fell, inflicting serious injuries upon Isaac's leg. There was no evidence as to what caused the bench to fall.

Appellants contend that the trial court erred in (1) refusing to instruct the jury on the common law "attractive nuisance" theory of negligence (Rest., Torts, § 339) and (2) instruction on contributory negligence.

While there is merit as to point (2), it is totally meaningless in view of our determination that respondent's motion for nonsuit should have been granted.

## Theory of the Case

A simple reading of appellants' complaint leaves no doubt that the basis of alleged liability was claimed maintenance of a dangerous condition of public property. The very same theory as a basis for recovery was reiterated by appellants' counsel who stated in his argument to the jury that "this accident shouldn't have happened except for a dangerous condition existing on public property." At the same time, the record is devoid of any indication that appellants even sought to introduce a new theory of recovery during the trial or moved the court to amend their complaint to conform to proof of any different theory.

Appellants now maintain that their theory of recovery is not the dangerous condition of public property but a failure of respondent's agents to take reasonable steps for the protection of children.

Appellants' substantive argument is predicated on Government Code, section 815.2,[1] which imposes upon public entities vicarious liability for

---

[1] "§ 815.2. [Liability for employee's acts.] (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section,

the tortious acts or omissions of their employees. (*Bell* v. *City of Palos Verdes Estates* (1964) 224 Cal.App.2d 257 [36 Cal.Rptr. 424].)

■ Their argument is misplaced, however, for the reason that public entity liability for property defects is not governed by the general rule of vicarious liability provided in section 815.2, but instead by the specific provisions set forth in sections 830-835.4. Also, public employees' liability for dangerous public property conditions resulting from the employees' acts or omissions is provided by the special rules and limitations contained in sections 840-840.6. (Van Alstyne, Cal. Government Tort Liability, § 6.2, pp. 185-186.)

Section 840 makes it explicit that except as provided in article 3 (§§ 840-840.6) a public employee is not liable for injury caused by a condition of public property where such condition exists because of any act or omission of such employee within the scope of his employment. The Law Revision Commission comment also emphasizes that the liability of a public employee for a condition of public property must be grounded upon article 3 and upon no other statute. (Van Alstyne, Cal. Government Tort Liability, p. 584.) Since the public entity's liability is a vicarious one, it cannot be held liable for an employee's act or omission where the employee himself would be or is immune (Gov. Code, § 815.2, subd. (b)).

In accord with the foregoing principles, the court in *Hilts* v. *County of Solano* (1968) 265 Cal.App.2d 161 [71 Cal.Rptr. 275] held that giving instructions both on negligence and on statutory liability of a public entity under the Government Code for a dangerous condition of public property was error because the liability of the public entity could only be statutory and could not rest on a theory of common law negligence (pp. 169-170).

■ The facts of this case leave no doubt whatever that notwithstanding any attempt to phrase the theory of recovery differently, the accident complained of by appellants (i) occurred on public property; (ii) was caused by an artificial condition; and (iii) that condition existed owing to the alleged omission of respondent's employees acting within the scope of their employment to make said bench secure. It inescapably follows that the rules set forth above are applicable to the instant case.

---

have given rise to a cause of action against that employee or his personal representative.

"(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

Unless otherwise noted, all references to code sections will refer to the Government Code.

■ Moreover, it is well established that a party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant (*Ernst* v. *Searle* (1933) 218 Cal. 233, 240-241 [22 P.2d 715]; 6 Witkin, Cal. Procedure (2d ed. 1970) Appeal, § 281).

### The Evidence Fails, as a Matter of Law, to Meet the Conditions of Public Entity Liability

"[§ 6.4] Essentials of Liability: Govt. C § 835.

"Essential prerequisites of entity tort liability for dangerous public property conditions, provided in Govt. C § 835, are that (a) the property was in a dangerous condition; (b) it proximately caused injury to the plaintiff; (c) the kind of injury that occurred was reasonably foreseeable as a consequence of the dangerous condition; and (d) the dangerous condition was created by a public employee's negligent or wrongful act or omission within the scope of his employment, *or* the entity must have had actual or constructive notice of the condition a sufficient time before the injury occurred to have taken the measures to protect against it." (Van Alstyne, Cal. Government Tort Liability, p. 186.)

By the definition of section 830, "dangerous condition" means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used.

Under section 830.2, a condition is not a dangerous condition if the trial or appellate court determines as a *matter of law that the* risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property was used with due care in a manner in which it was reasonably foreseeable that it would be used.

Section 840.6, subdivision (a), provides in pertinent part that a public employee is not liable for the dangerous condition of public property if he establishes that the act or omission that created that condition was reasonable. Similarly, a public employee is not liable for injury caused by a dangerous condition of public property if he establishes that the action taken to protect against the risk of injury or the failure to take such action was reasonable (§ 840.6, subd. (b)).

Finally, under section 835, subdivisions (a) and (b), the public entity

is liable for injury caused by a dangerous condition of property only if the negligent act or omission of its employee created the dangerous condition or the public entity had actual or constructive knowledge of the dangerous condition a sufficient time prior to the injury to have taken the necessary measures to protect against it.

The evidence here established with fair certainty that respondent did take every precaution which was reasonable under the circumstances. It first secured the bench by a header board fastened to its legs. When Mr. Mikesell noticed that the bench was removed from that position and used as a runway between the roofs of two adjacent buildings, further precautionary measures were taken to secure the bench by chaining and padlocking it to the fence.

At the same time, the evidence is devoid that respondent or its employees had any notice either actual or constructive prior to the accident that the bench had been again removed and placed on end against a wall.

There is simply no evidence whatever that the bench was in fact being used at all; and certainly no evidence that being placed on end was a reasonably foreseeable use. (§ 830, subd. (a).)

It follows that under the preceding statutory provisions we find, and the trial court should have found, as a matter of law that respondent was not liable because the conditions imposed upon it by section 835, subdivisions (a) and (b), were not met, and because respondent's precautionary steps taken to prevent the injury were reasonable (§ 840.6), or, in the alternative, the risk created was not substantial (§ 830.2).

The judgment is affirmed.

Taylor, P. J., and Rouse, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 10, 1972.