[Civ. No. 67588. Second Dist., Div. Six. June 27, 1983.]

HELENE B. LONGFELLOW et al., Plaintiffs and Appellants, v.
COUNTY OF SAN LUIS OBISPO et al., Defendants and Respondents.

380

## COUNSEL

Wright, Ream & Peterson and Betty R. Sanders for Plaintiffs and Appellants.

James B. Lindholm, Jr., County Counsel, and David K. Hughes for Defendants and Respondents.

## OPINION

**ABBE, J.**—This is an appeal from judgment for defendant County of San Luis Obispo (County) after a demurrer was sustained to plaintiffs' second amended complaint without leave to amend. On October 23, 1980, the plaintiff, Helene Longfellow, fell while walking on a sidewalk within the city limits of the City of Atascadero (Atascadero). She and her husband brought suit against both County and Atascadero to recover damages for injuries she sustained as a result of her fall.

Atascadero became an incorporated city on July 2, 1979, and it thereupon entered into a contract with County which obligated the County to maintain the streets within the city until June 30, 1980. Government Code section 35448, subdivision (a) requires a county to continue to furnish all services to a territory formerly unincorporated whenever a city is incorporated there for the remainder of the fiscal year during which the incorporation became effective. The services so required include maintenance of streets. Pursuant to Streets and Highways Code section 989, Atascadero became the owner of the streets on July 1, 1979, the date of the incorporation, but did not become responsible for the control and maintenance of the streets until July 1, 1980.

The plaintiffs admit that the demurrer to the first cause of action of the second amended complaint, based on a theory of dangerous condition

of public property, must be affirmed by this court if we agree with the decision in *Tolan* v. *State of California* ex rel. *Dept. of Transportation* (1979) 100 Cal.App.3d 980 [161 Cal.Rptr. 307]. We do. The *Tolan* decision holds that the public property upon which liability is based must be owned or controlled by the public entity at the time of the injury. It is not disputed in this case that the County did not own or control the property in question in this case at the time of the injury. The *Tolan* decision controls here.

The five remaining causes of action set forth various theories of liability based on the plaintiff's fall. They are, (1) pursuant to Government Code section 815.2, which imposes vicarious liability upon public entities for tortious acts or omissions of their employees, unless the employee is immune, (2) nuisance, (3) pursuant to Government Code section 815.6, which imposes liability upon a public entity for injury if it fails to discharge a mandatory duty imposed by an enactment that is designed to protect against risk of a particular kind of injury, (4) breach of contract of which plaintiffs were the third party beneficiaries, and (5) all of the above. We conclude that none of the plaintiffs' theories are valid and that they are unable to state a cause of action against the County.

■ With respect to the plaintiffs' cause of action pursuant to section 815.2 of the Government Code, the law was settled by *Van Kempen* v. *Hayward Area Park etc. District* (1972) 23 Cal.App.3d 822 [100 Cal.Rptr. 498], that public entity liability for property defects is not governed by the general rule of vicarious liability provided in section 815.2, but rather by the provisions in sections 830 to 835.4 of the Government Code. A public employee is not liable for injuries caused by a condition of public property where such condition exists because of any act or omission of such employee within the scope of his employment. (Gov. Code, § 840.) This is specifically what the plaintiffs allege in this cause of action. That is, that a dangerous condition of public property existed which should have been repaired by an employee of the County working within the scope of his employment and that, therefore, the County may be vicariously liable for the employee's failure to act. However, since the employee is immune, the public entity cannot be held liable for the acts of the employee and plaintiffs have no such cause of action.

■ Plaintiffs also contend that the County created a nuisance by allowing the sidewalk to remain in the condition it was on the day of the fall and continued to remain liable even after it lost ownership and control of the property and may therefore be held liable. We disagree. Section 3479 of the Civil Code provides inter alia that it is a nuisance to unlawfully obstruct the free passage or use in a customary manner of any street. Even assuming

that appellants' assertion that a crack or hole in the sidewalk falls within the definition of a nuisance, which is doubtful, such a claim of liability is not available to them in this case. For one thing, Civil Code section 3482 provides that nothing which is done or maintained under the express authority of a statute can be deemed a nuisance. The maintenance of the street by County was under the express authority of Government Code section 35448, subdivision (a), as previously pointed out. Additionally, County was not the owner or in control of the property at the time of the injury. The general rule is that former owners of land are not liable for injury sustained by persons while on the land after the property has been transferred. (*Copfer v. Golden* (1955) 135 Cal.App.2d 623, 631 [288 P.2d 90].) Civil Code section 3483 imposes liability on owners at the time of the injury for nuisances created by former owners that the later owners do not abate. It does not impose liability on former owners whose period of ownership predated the injury.

While *Copfer* does not deal with nuisances, its principles apply to this case and are consistent with the *Tolan* case which provides liability on the part of a public entity only for property it either owns or controls at the time of injury. (*Tolan* v. *State of California* ex rel. *Dept. of Transportation, supra,* 100 Cal.App.3d 980.)

Furthermore, section 815 of the Government Code declares in pertinent part that: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." In *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, at page 937 [101 Cal.Rptr. 568, 496 P.2d 480], our Supreme Court concluded that "section 815 of the Government Code does not bar nuisance actions against public entities to the extent such actions are founded on section 3479 of the Civil Code or other statutory provisions that may be applicable."

However, the basis of this suit is the alleged defective condition of public property and not on section 3479 of the Civil Code. Here, as in *Mikkelson* v. *State of California* (1976) 59 Cal.App.3d 621 [130 Cal.Rptr. 780], the claimed pertinent code section outside the Tort Claims Act is Civil Code section 3479, which covers nuisances whether arising from intentional, negligent, reckless or ultrahazardous acts. The court in *Mikkelson* declined to allow the appellants to proceed on the basis of nuisance when the action is predicated on a claim of faulty design and thereby avoid the immunities provided to public entities by the Legislature. We deem it proper in this case where the action is based on a claim of a defective condition of public property to follow the reasoning of the *Mikkelson* court and find the plaintiffs have no cause of action under a nuisance theory.

■ The next cause of action of the second amended complaint was pleaded under Government Code section 815.6 on a theory of failure to comply with a mandatory duty imposed upon a public entity by an enactment that is designed to protect against the risk of a particular kind of injury. The mandatory duty alleged is to maintain the streets. But no such enactment has been designated by appellants. Streets and Highways Code section 27 provides that: "The degree and type of maintenance for each highway, or portion thereof, shall be determined in the discretion of the authorities charged with the maintenance thereof, taking into consideration traffic requirements and moneys available therefor." It is clear that the location, scope and character of street maintenance and repair work is discretionary and not mandatory in nature. (*Bossi* v. *State of California* (1981) 119 Cal.App.3d 313 [174 Cal.Rptr. 93].)

■ Plaintiffs' next cause of action was based on a theory of breach of contract of which they were third party beneficiaries, to wit the contract between the County and Atascadero for maintenance of the streets until July 1, 1980. There are two reasons why this theory must fail. First, there was no contract in existence of which plaintiffs could be the third party beneficiaries at the time the injury occurred and, second, any basis of liability for a fall on a city street must be based on the Tort Claims Act. The Legislature has not enacted a law stating that the liability of a public entity is changed to a breach of contract basis if several public entities enter into a contract providing for which entity shall maintain a street. Sovereign immunity prevails except when changed by the Legislature. *Williams* v. *Horvath* (1976) 16 Cal.3d 834, at page 838 [129 Cal.Rptr. 453, 548 P.2d 1125] states, ". . . the intent of the [Tort Claims] act is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied."

■ The last cause of action was brought by plaintiff Clayton Longfellow for loss of consortium upon the theories set forth in his wife's five causes of action. His cause of action against the County must fail as hers do.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.