[No. A028030. First Dist., Div. Two. Sept. 24, 1985.]

MICHAEL PFLEGER et al., Petitioners, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
CITY OF PACIFICA et al., Real Parties in Interest.

[No. A028034. First Dist., Div. Two. Sept. 24, 1985.]

MARGARET BACHECKI et al., Petitioners, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
CITY OF PACIFICA, Real Party in Interest.

[No. A028036. First Dist., Div. Two. Sept. 24, 1985.]

RICHARD DAHL et al., Petitioners, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
CITY OF PACIFICA, Real Party in Interest.

COUNSEL

Sterns, Smith & Walker, Sterns, Smith, Walker & Grell, Jeanette K. Shipman and Robert B. Ingram for Petitioners.

No appearance for Respondent.

John G. Schwartz, Robert D. Vale, Nagle, Vale, McDowall, Cotter & Schwartz, John A. Knutson, Roland R. Stevens, Fisher & Hurst and Susan Schectman for Real Parties in Interest.

OPINION

KLINE, P. J.—Petitioners in these three consolidated cases seek writs of mandate to compel the superior court to vacate its orders sustaining demurrers without leave to amend as to a cause of action in the complaint in each case which alleged a nuisance within the meaning of Civil Code section 3479. This court issued an alternative writ. We now determine that the demurrers were erroneously sustained and direct the issuance of peremptory writs.

The underlying lawsuits involved here arose as the result of mud slides and flooding which occurred during a severe winter storm in January 1982. Petitioners were all at that time owners and occupants of single-family dwellings located in the City of Pacifica. Real party City of Pacifica is a defendant in each of the actions. Real party County of San Mateo is a defendant in the *Pfleger* action only.

The complaints, which were brought against the developers of the subdivisions in which the petitioners lived as well as against the governmental entities, alleged essentially that petitioners' properties had been damaged by the mud slides and flooding, and that the defendants were responsible for the conditions which caused the subsidence and flooding. They contained causes of action for negligence, implied warranty, strict liability, fraud, nuisance and inverse condemnation.

The causes of action for nuisance were essentially the same in each complaint. They alleged that real parties, owners of real property located uphill from petitioners' homes, had maintained their property in a dangerous condition and failed and refused to design or construct a drainage system or

other slide control facilities for their property adequate to divert and drain hillside surface and subsurface waters and prevent future flooding of and mud slides onto petitioners' properties.

Real parties, aware that it is more difficult to defend against a cause of action for nuisance than one for negligence (see, e.g., *Barnhouse* v. *City of Pinole* (1982) 133 Cal.App.3d 171, 196, fn. 17 [183 Cal.Rptr. 881] ["nuisance does not require proof of negligence"]; *Sturges* v. *Charles L. Harney, Inc.* (1958) 165 Cal.App.2d 306, 318 [331 P.2d 1072] ["owner of land may not do even nonnegligent acts on his property with impunity where they create a nuisance as to his neighbor"]), demurred to the nuisance causes of action on the ground that a cause of action for nuisance cannot be stated against a public entity when it is predicated upon a hazard that could be the basis of a cause of action for dangerous condition of public property for which recovery is permitted under Government Code section 835, a provision of the Tort Claims Act.[1] The trial court ruled that the demurrers be sustained without leave to amend at a hearing held May 17, 1984. Subsequent written orders so providing, with no statement of reasons or authority, were entered on May 30, 1984, as to the County of San Mateo, and on July 30, 1984, as to the City of Pacifica.

■ A writ of mandate may issue, in the discretion of the appellate court, when it appears that the trial court, by sustaining a demurrer without leave to amend, has deprived a party of an opportunity to plead a cause of action. (*Coulter* v. *Superior Court* (1978) 21 Cal.3d 144, 148 [145 Cal.Rptr. 534, 577 P.2d 669]; see also *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 806-807 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513].) Thus it is appropriate for us to inquire into the propriety of the trial court's rulings.

Civil Code section 3479 provides: "Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance." Real parties contend that to allow a cause of action for nuisance against a public entity, based upon a dangerous condition of property, would allow a plaintiff to circumvent the provisions of section 835, which they contend requires a more stringent showing to impose liability for a dangerous condition upon a public entity than does the nuisance statute, Civil Code section 3479.

■ Section 835, which defines a cause of action for a specific form of negligence, states: "Except as provided by statute, a public entity is liable

---

[1]All further statutory references are to the Government Code unless otherwise indicated.

for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 [defining actual and constructive notice] a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

Although the parties do not agree as to the interpretation of the cases, they apparently agree, and so do we, that the following are the cases most germane to the issue presented by the petitions herein: *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920 [101 Cal.Rptr. 568, 496 P.2d 480]; *Mikkelsen* v. *State of California* (1976) 59 Cal.App.3d 621 [130 Cal.Rptr. 780]; *Barnhouse* v. *City of Pinole, supra,* 133 Cal.App.3d 171; and *Longfellow* v. *County of San Luis Obispo* (1983) 144 Cal.App.3d 379 [192 Cal.Rptr. 580].

■ In *Nestle* v. *City of Santa Monica, supra,* 6 Cal.3d 920, the plaintiffs brought suit against the City of Santa Monica for injuries alleged to have been suffered by virtue of the defendant's operation of the Santa Monica Airport. They specifically claimed that vibration, fumes and noise emanating from jet aircraft landing and taking off caused damage to their property and resulted in physical injuries and emotional distress. The trial court dismissed their nuisance count on the theory that section 815, granting general immunity to a public entity for an injury except as otherwise provided by statute, precluded liability for nuisance.[2] (*Id.,* at p. 931.) In reversing this ruling, the Supreme Court held that "section 815 of the Government Code does not bar nuisance actions against public entities to the extent such actions are founded on section 3479 of the Civil Code or other statutory provision that may be applicable." (*Id.,* at p. 937.)

The *Nestle* court noted that there had been uncertainty after passage of the Tort Claims Act in 1963 as to whether public liability for nuisance, previously recognized by the courts, had been abrogated. (*Id.,* at pp. 934-

---

[2]Section 815 provides: "Except as otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. [¶] (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

935.) In 1969 the Law Revision Commission proposed a series of amendments to the Tort Claims Act, the first of which would have specifically eliminated such liability. Although this nuisance immunity provision was incorporated in the bill first presented to the Legislature, it was deleted in the later version that became law. (*Id.*, at p. 935.) In reviewing this history, the *Nestle* court concluded that "the Legislature, with due deliberation, decided to reject the commission's proposal to bar suits against public entities for nuisance. Consequently, it is manifest that the Legislature intended to allow such causes of action if they could be tailored to meet the specifications of statutory provisions, such as section 3479 of the Civil Code." (*Id.*, at pp. 935-936.)

In *Mikkelsen* v. *State of California, supra,* 59 Cal.App.3d 621, the plaintiffs asserted a cause of action for nuisance, based upon construction of an elevated concrete freeway connector (which collapsed in an earthquake), pursuant to a plan or design alleged to have been defective. The state raised a defense of design immunity under section 830.6, and upon trial of the issue the superior court ruled in its favor. Affirming the judgment, the Court of Appeal held that the design immunity defense was equally available to the state whether the cause of action was pleaded in the language of nuisance or in that of negligence because the immunity provisions of the Tort Claims Act extend to liabilities created by statute outside the act. (*Id.*, at pp. 628-630, citing *O'Hagan* v. *Board of Zoning Adjustment* (1974) 38 Cal.App.3d 722 [113 Cal.Rptr. 501] [holding that the immunity provisions of the Torts Claims Act, a special statute, take precedence over a general statute, a result consistent with the legislative goals embodied in the act].) *Mikkelsen* is of doubtful relevance to the issue presented in this case, because real parties do not rely upon the design immunity defense.

In *Barnhouse* v. *City of Pinole, supra,* 133 Cal.App.3d 171, as here, the plaintiffs brought an action for damages resulting from soil subsidence. They had initially proceeded on a number of theories, including liability for public employee negligence, dangerous condition of public property, and nuisance. After a pretrial conference, the superior court eliminated the theories of public employee negligence and dangerous condition of public property "on the ground that counsel would not give assurances that he intended seriously to pursue these theories at trial."[3] (*Id.*, at p. 194.) At the close of the plaintiffs' case, the trial court also eliminated the nuisance count in reliance upon *Mikkelsen,* which it interpreted as holding that public entities

---

[3]The trial court was apparently acting on the authority of rule 212 of the California Rules of Court, which, as pertinent, then provided: "(a) At the pretrial conference, whether in the courtroom or in chambers, the judge, without adjudicating controverted facts, may consider and act upon the following matters: . . . (3) Simplification of the factual and legal issues involved." (See *Barnhouse* v. *City of Pinole, supra,* 133 Cal.App.3d 171, 194.)

are immune from suit for nuisance based upon design and construction of public improvements. (*Id.,* at pp. 194-195.)

■ Writing for this court, then Presiding Justice Grodin explained that *Mikkelsen* does not provide for *absolute* immunity in such cases. Rather, such immunity applies only if its elements are established by sufficient evidence. (*Barnhouse* v. *City of Pinole, supra,* 133 Cal.App.3d 171, 195-196.) That is, consistent with section 830.6, "public entities are not liable for injury caused by public improvements *if* the improvements have been approved in advance or designed in accordance with previously approved standards *and* there is substantial evidence on the basis of which a reasonable governmental entity could have adopted or approved the design or standards." (*Id.,* at p. 195, italics in original, fn. omitted.) Justice Grodin also pointed out that "this immunity can be lost if the improvement falls out of conformity with the above standard and the public entity does not correct the deficiency within a reasonable period of time." (*Ibid.*) Since in *Barnhouse* there was insufficient evidence in the record to support the defense of design immunity, it was error to eliminate the nuisance count against the governmental entities. (*Id.,* at p. 196.)

Following the decision in *Barnhouse,* the Court of Appeal for the Second Appellate District decided *Longfellow* v. *County of San Luis Obispo, supra,* 144 Cal.App.3d 379. In that case, the plaintiff sued both the County of San Luis Obispo and the City of Atascadero to recover damages for injuries sustained as a result of a fall, in October 1980, on a sidewalk within the city limits. Atascadero became incorporated as a city in July 1979. Section 35448, subdivision (a), requires a county to furnish all services, including maintenance of streets, to a territory formerly unincorporated whenever a city is incorporated there for the remainder of the fiscal year during which the incorporation became effective. Thus, the county was responsible for the control and maintenance of the streets until July 1980. (*Id.,* at p. 382.)

One of the causes of action asserted by the plaintiff in *Longfellow* was for nuisance. The appellate court upheld the sustaining of the county's demurrer to that cause of action on two separate grounds. First, it held that the county could not be held liable under Civil Code section 3479 because Civil Code section 3482 provides that nothing which is done or maintained under the authority of a statute can be deemed a nuisance, and the county had maintained the streets under the authority of section 35448, subdivision (a). (*Id.,* at pp. 383-384.) Secondly, the *Longfellow* court held that the county could not be held liable since it was not the owner of or in control of the property at the time of the injury in October 1980. (*Id.,* at p. 384.)

The *Longfellow* court then went on to state: "Furthermore, section 815 of the Government Code declares in pertinent part that: 'Except as otherwise

provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.' In *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, at page 937 . . ., our Supreme Court concluded that 'section 815 of the Government Code does not bar nuisance actions against public entities to the extent such actions are founded on section 3479 of the Civil Code or other statutory provisions that may be applicable.' [¶] However, the basis of this suit is the alleged defective condition of public property and not on [*sic*] section 3479 of the Civil Code. Here, as in *Mikkelsen* v. *State of California* (1976) 59 Cal.App.3d 621 [130 Cal.Rptr. 780], the claimed pertinent code section outside the Tort Claims Act is Civil Code section 3479, which covers nuisances whether arising from intentional, negligent, reckless or ultrahazardous acts. The court in *Mikkelsen* declined to allow the appellants to proceed on the basis of nuisance when the action is predicated on a claim of faulty design and thereby avoid the immunities provided to public entities by the Legislature. We deem it proper in this case where the action is based on a claim of a defective condition of public property to follow the reasoning of the *Mikkelsen* court and find the plaintiffs have no cause of action under a nuisance theory." (*Id.*, at p. 384.) The *Longfellow* decision did not make reference at all to this court's decision in *Barnhouse* v. *City of Pinole, supra,* 133 Cal.App.3d 171.

Real parties rely heavily upon the statements quoted above from the *Longfellow* opinion. Real party County of San Mateo describes these passages as an "alternative rationale" for the court's holding. We find no support in this portion of the *Longfellow* opinion for real parties' position in this case.

We have no criticism of the *Longfellow* court's two-pronged holding that the County of San Luis Obispo could not be held liable on a nuisance theory because it acted under authority of a statute and did not have ownership or control of the property in question at the time of the injury. However, we do not find the subsequent language in *Longfellow* that we have quoted to be in any way relevant to the actual decision in that case. Moreover, we find that language internally inconsistent.

On page 383 of its opinion, the *Longfellow* court states that one of the plaintiff's causes of action was for nuisance. Then, in the passage we have quoted, it states that the basis of the suit is the alleged defective condition of public property and *not* Civil Code section 3479. This is immediately followed by the statement that in that case, as in *Mikkelsen,* the claimed pertinent code section outside the Tort Claims Act *is* Civil Code section 3479.

The nuisance claim in *Longfellow* was undoubtedly based upon Civil Code section 3479 rather than the Tort Claims Act because that is the statute

which provides for a nuisance cause of action. "The Senate committee comments make clear that the Tort Claims Act itself does not provide for governmental liability for nuisance . . . . Therefore, liability, if it exists, must be authorized by other statutory provision." (*Mikkelsen* v. *State of California, supra,* 59 Cal.App.3d 621, 626, quoting from *Nestle* v. *City of Santa Monica, supra,* 6 Cal.3d 920, 932.)

Finally, *Longfellow*'s reference to the *Mikkelsen* ruling regarding design immunity defense seems to have no application to the *Longfellow* situation, and certainly has no application in this case. (Indeed, the opinion in *Longfellow* contains no indication that the case involved any issue of a design immunity defense or other special immunity defense to the nuisance claim under the Tort Claims Act.) As previously pointed out, *Mikkelsen* only holds that a Tort Claims Act special immunity applies to a nuisance cause of action *if the elements of that defense are established by sufficient evidence.* (*Barnhouse* v. *City of Pinole, supra,* 133 Cal.App.3d 171, 195-196.) Real parties here have not even suggested a statutory immunity under the Tort Claims Act which might apply to them.[4]

We find this court's decision in *Barnhouse* supportive of petitioners' position here. That decision implicitly approved a nuisance cause of action based upon a factual showing of a dangerous condition of public property. There, as in the present cases, the plaintiffs complained of an inadequate drainage system on the public property which contributed to a slide condition and damaged their properties. (See *Barnhouse* v. *City of Pinole, supra,* 133 Cal.App.3d 171, 177, 196.)

Real parties attempt to distinguish *Barnhouse* by stating that "in *Barnhouse,* there was no issue of dangerous condition of real property as the trial court had already eliminated that theory." As we have noted, however, that theory was eliminated during a pretrial conference only because the plaintiffs chose not to seriously pursue it. There is certainly nothing in *Barnhouse* to suggest that the nuisance cause of action was not predicated upon factual allegations that might also constitute a dangerous condition of public property.

Real parties also assert that *Barnhouse* did not hold that a plaintiff could sue for damages based upon a dangerous condition of real property under section 835 and, at the same time, for a nuisance under Civil Code section 3479, arising from the same condition. ▮▮▮▮ While *Barnhouse*

---

[4]Even if such an immunity were asserted as a defense, the validity of that defense would have to be determined in pretrial or trial evidentiary proceedings, as was done in *Mikkelsen,* rather than at the pleading stage of the action. (Cf. *Mikkelsen* v. *State of California, supra,* 59 Cal.App.3d 621, 624.)

did not expressly address this point, since the arguments made here were not made there, it certainly did *not* hold that such causes of action could *not* simultaneously be maintained.[5] Real parties contend that *Longfellow* did so hold. As indicated, our reading of the opinion in that case is different. In any event, to the extent that the opinion in *Longfellow* could be construed, as real parties maintain, to preclude a plaintiff from simultaneously asserting causes of action for nuisance and for a dangerous condition of real property, we decline to follow it.

To agree with the position of real parties would add a caveat to the holding in *Nestle* v. *City of Santa Monica, supra,* 6 Cal.3d 920, for which we find no support in statutory or decisional law. It would mean that "the general rule of governmental immunity provided in [the Tort Claims Act] alone does not preclude a nuisance action against a government entity founded on Civil Code section 3479" (*Barnhouse* v. *City of Pinole, supra,* 133 Cal.App.3d 171, 195, fn. 14, citing *Nestle* v. *City of Santa Monica, supra*), *except* when it happens that the factual allegations underlying the claim of nuisance could also support a claim based upon dangerous condition of real property under section 835. This is a proposition with which we cannot agree.[6]

It should be remembered that real parties did not base their demurrers on the immunity provisions of the Tort Claims Act discussed in *Nestle, Mikkelsen* and *Barnhouse*. The demurrers were instead based on the theory that because plaintiffs' allegations *could* support a cause of action for negligence under section 835, they therefore *cannot* be permitted to state a cause of action for nuisance under Civil Code section 3479. Boiled down, this theory assumes that because in enacting the Tort Claims Act the Legislature explicitly permitted a cause of action for a specific form of negligence against

---

[5]Although causes of action may be maintained on more than one theory, there can, of course, be only one recovery for the same injury. As pointed out in *Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 796 [126 Cal.Rptr. 225, 543 P.2d 593], "the phrase 'cause of action' is 'often used indiscriminately to mean what it says and to mean *counts* which state differently the same cause of action, . . .' [citations]." Nevertheless, "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." (*Id.,* at p. 795.)

[6]Real party City of Pacifica has asked this court to take judicial notice of the file in *Richard Dahl* et al. v. *Superior Court,* number A029101 in this court. We do so. In that proceeding, another division of the court denied a petition for a writ of mandate sought by some of the petitioners herein in the *Dahl* action. After the City of Pacifica successfully demurred to the nuisance cause of action in the court below, the City and County of San Francisco, another defendant in the action, apparently secured a judgment on the pleadings on the same issue. The petition, which sought to overturn that ruling, was summarily denied on October 12, 1984. The summary denial of a writ petition before another division of this court, involving a real party not a party to these proceedings, simply has no relevance here. (Cf. *People* v. *Medina* (1972) 6 Cal.3d 484, 491, fns. 6 & 7 [99 Cal.Rptr. 630, 492 P.2d 686] [summary denial of petition for writ of mandate normally not considered determination on the merits].)

a public entity, which is easier to defend against than a cause of action for nuisance, the Legislature must be presumed to have impliedly prohibited a cause of action for nuisance against a public entity. But if, as the case law establishes, no governmental immunity against a cause of action for nuisance can be found or implied in that provision of the Tort Claims Act where it would most likely be placed (i.e., § 815), it would be too great an exercise of judicial imagination to find it by implication in section 835, which, without purporting to prescribe an exclusive remedy, defines a form of governmental *liability,* not an immunity.

Let peremptory writs of mandate issue directing the respondent court to set aside its orders of May 30, 1984, and July 30, 1984, sustaining without leave to amend the demurrers of real parties in interest to petitioners' nuisance causes of action, and to enter new and different orders overruling those demurrers.

Racanelli, J.,* concurred.

**ROUSE, J.**—I concur in the majority's opinion under compulsion of the authorities cited; however, I must admit to some confusion in a judicially established policy which admits that the Tort Claims Act does not speak to nuisance as a basis for government liability ("The Act bars liability 'except as otherwise provided by statute' [citation] and there is no provision for nuisance liability" (4 Witkin, Summary of Cal. Law (8th ed. 1974) § 132, p. 2427)); observes that "the intent of the act is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to *rigidly delineated circumstances . . .*" (*Williams* v. *Horvath* (1976) 16 Cal.3d 834, 838 [129 Cal.Rptr. 453, 548 P.2d 1125]; italics added); recognizes government liability for injuries caused by a dangerous condition *if* the plaintiff establishes the existence or absence of certain conditions specified in Government Code section 835; yet allows one to set forth a valid cause of action against a governmental entity for a dangerous condition by merely pleading the existence of a nuisance in the general statutory language of Civil Code section 3479. It was my impression that, by enacting the Tort Claims Act, the Legislature sought to provide immunity for public entities by statutorily circumscribing areas of tort liability to which such bodies might otherwise become exposed; however, the rule enunciated by the majority opinion appears to render one of such statutes (i.e., Gov. Code, § 835) superfluous (see Note, § XI(C), *Torts, Liability of Public Entity for Nuisance* (1973) 61 Cal.L.Rev. 289, 648). But

---

*Assigned by the Chairperson of the Judicial Council.

then I was never one to fully grasp the subtle technique of pleading a proper cause of action!