NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF ANTHONY RAY LOPEZ SR., by and through his successors in interest, Lorina Lopez and Anthony Ray Lopez Jr.; ESTATE OF MADELINE VASQUEZ, by and through her successors in interest, Frances Velasquez and Albert Velasquez; ESTATE OF JOSEPHINE GUADALUPE DOMINGUEZ, by and through her successor in interest, Laura Beltran; LORINA LOPEZ, individually; ANTHONY RAY LOPEZ, Jr., individually; FRANCES VELASQUEZ, individually; ALBERT VELASQUEZ, individually; LAURA BELTRAN, individually, | No. 24-5169 <br><br> D.C. No. 5:23-cv-02304-SSS-SP <br><br> MEMORANDUM* |
| Plaintiffs - Appellants, | |
| v. | |
| CITY OF ONTARIO, a public entity; COUNTY OF SAN BERNARDINO, a public entity; BRENDON BIGGS, individually, | |
| Defendants - Appellees, | |
| and | |
| STATE OF CALIFORNIA, DOES, Doe | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Ontario Employees; Doe San Bernardino
Employees; Doe State Employees; Does 1-
10, individually,

    Defendants.

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted October 8, 2025[**]
Pasadena, California

Before: WARDLAW, GOULD, and KOH, Circuit Judges.

Anthony Ray Lopez Sr., Madeline Vasquez, and Josephine Guadalupe Dominguez (collectively, "Decedents") died on November 8, 2022, while in a storm drain in the City of Ontario, County of San Bernardino, State of California, after flood officials released water into the storm drain during a severe rain event. Lopez Sr. and Vasquez were living in the storm drain at the time, while Dominguez was in the storm drain to assist unhoused individuals. Decedents' estates brought suit against the City of Ontario, the County of San Bernardino, the State of California, and various named and unnamed employees, alleging violations of California state law, as well a municipal liability claim against the City and County (a *Monell* claim) and claims under 42 U.S.C. § 1983 against the individual employees for state-created

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

danger and interference with a parent-child relationship. In various motion to dismiss rulings, the district court dismissed all claims.

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* a district court's ruling on a motion to dismiss under Rule 12(b)(6). *See Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). We review a district court's order dismissing a complaint without leave to amend for abuse of discretion. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). We affirm the district court's dismissal of all claims.

1.    The parties did not brief the timeliness of the appeal. Because timeliness of the appeal affects our jurisdiction, we address it *sua sponte*. *See Hostler v. Groves*, 912 F.2d 1158, 1160 (9th Cir. 1990); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]imely filing of a notice of appeal in a civil case is a jurisdictional requirement."). We conclude that we have jurisdiction to hear the appeal.

Because the district court's oral ruling and docket entry on July 19, 2024 dismissed the third amended complaint only as to Brendon Biggs, the named defendant, and not the unnamed defendants, and because the district court "further adjudicate[ed]" the case when it issued a show-cause order on August 26, 2024 and closed the case on September 16, 2025, we do not construe the July 19, 2024 order of the district court as the "final order" for purposes of determining of the timeliness

of the notice of appeal. *See Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870, 872 (9th Cir. 2004) ("[W]e have 'traditionally drawn a distinction between the dismissal of the *complaint* and the dismissal of the underlying *action*.'" (emphasis added) (quoting *Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994))); *see also Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008) (order is appealable when it "disposes of all claims as to all parties"). We hold that Decedents' August 20, 2024 notice of appeal was timely. *See* Fed. R. App. P. 4(a)(2); *Orr v. Plumb*, 884 F.3d 923, 931 (9th Cir. 2018) ("There's no penalty for filing a premature notice of appeal.").

2. We affirm the dismissal of Decedents' state law claims under Section 840 of the California Government Code. Because Decedents' deaths occurred on public property and were caused by specific features and conditions of that property, the district court properly construed the claims as "conditions of public property" under Sections 835 and 840 of the California Government Code, "notwithstanding any attempt to phrase the theory of recovery differently." *Van Kempen v. Hayward Area Park, Recreation & Park Dist.*, 100 Cal. Rptr. 498, 500 (Cal. Ct. App. 1972); *Bonanno v. Cent. Contra Costa Transit Auth.*, 65 P.3d 807, 812-13 (Cal. 2003) (explaining that "condition of public property" has a broad meaning).

3. We affirm the district court's dismissal of Decedents' *Monell* claim because Decedents did not present any evidence of a formal policy, pattern, practice,

or known or obvious consequence of the City's or County's training program sufficient to support a claim. *See Meehan v. Cnty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (holding that a single unconstitutional incident is insufficient to support a finding of *Monell* liability absent evidence of an unconstitutional government policy); *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (holding that a "pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train") (internal quotation marks omitted). We affirm dismissal of Decedents' Section 1983 claims because Decedents did not present any facts supporting a finding of deliberate indifference or malicious or vengeful intent. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1064-65 (9th Cir. 2006) (requiring a showing of deliberate indifference to support a state-created danger claim); *Porter v. Osborn*, 546 F.3d 1131, 1137, 1141 (9th Cir. 2008) (requiring a showing of deliberate indifference or "purpose to harm" to support an interference with a parent-child relationship claim).

Because the district court gave Decedents "repeated opportunities" to amend their claims to cure these deficiencies, the district court did not abuse its discretion in dismissing these claims without leave to further amend. *See AE ex rel. Hernandez*, 666 F.3d at 636.

**AFFIRMED.**