Filed 1/21/14 Stansell v. Wells Fargo Bank CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BETSY A. STANSELL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>WELLS FARGO BANK, N.A. et al.,<br><br>    Defendants and Respondents. | B246366<br><br>(Los Angeles County<br>Super. Ct. No. NC057306) |

APPEAL from a judgment of dismissal of the Superior Court of the County of Los Angeles, Michele E. Flurer, Judge. Reversed and remanded with instructions.

Stansell & Associates, Betsy A. Stansell, in pro. per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton, Jon D. Ives for Defendants and Respondents.

# INTRODUCTION

Plaintiff and appellant Betsy Stansell (plaintiff) appeals from the trial court's judgment dismissing her first amended complaint, which judgment was based on the trial court's order sustaining the demurrer of defendants and respondents (defendants)[1] without leave to amend. According to plaintiff, the trial court erred when it sustained the demurrer because the operative complaint stated viable causes of action and the trial court abused its discretion when it refused to grant her leave to amend.

We hold that plaintiff lacks standing to pursue all of the claims in her pleading based on events and conduct that occurred prior to the filing of her Chapter 7 bankruptcy petition. As for plaintiff's claims based upon the postpetition events and conduct, we hold that because the distinction between prepetition and postpetition claims was not raised or discussed in the trial court, plaintiff should be given an opportunity to amend her complaint to state such claims. We therefore reverse the judgment and remand the matter to the trial court with instructions to enter a new order sustaining the demurrer and granting plaintiff leave to amend her pleading to state claims based only on postpetition events and conduct.

# PROCEDURAL BACKGROUND

Prior to filing this action in state court, plaintiff filed a Chapter 7 bankruptcy petition on August 16, 2011. The petition included a schedule of personal property. On December 19, 2011, the bankruptcy court entered a discharge of debtor order.

---

[1] The defendants and respondents are Wells Fargo Bank, N.A., dba America's Servicing Company and Deutsche Bank National Trust Company as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE3.

On March 16, 2012, plaintiff filed this action.[2]  On August 29, 2012, plaintiff filed the operative first amended complaint asserting nine causes of action against defendants based on a 2006 home loan, a 2009 modification of that loan, and three failed attempts to procure another loan modification in 2010.  Among other things, plaintiff sought to postpone or "set aside" a trustee's sale of her home which secured her obligation under the 2009 loan modification.  On September 28, 2012, defendants filed a demurrer to the first amended complaint and a request for judicial notice attaching, inter alia, copies of plaintiff's Chapter 7 bankruptcy petition and the subsequent discharge order.[3]  Plaintiff opposed the demurrer and filed a request for judicial notice.  Following a hearing on the demurrer,[4] the trial court entered an order[5] sustaining the demurrer without leave to amend and a judgment of dismissal based thereon.

---

[2]    The original complaint is not included in the appellant's appendix.  We requested the trial court file which contains, inter alia, the original complaint and an August 31, 2012, minute order explaining that the hearing on defendant's demurrer to that pleading was taken off calendar because plaintiff had filed a first amended complaint.

[3]    The bankruptcy documents were submitted in support of defendants' argument that plaintiff was judicially estopped from asserting her claims in state court based on her failure to list them as property in her bankruptcy petition and her representation in the bankruptcy court that she intended to surrender the property.  Defendants did not rely on those documents in the trial court to challenge plaintiff's standing.

[4]    The reporter's transcript for the hearing on the demurrer is not included in the appellant's appendix.  The transcript is not necessary to our conclusion.  (See *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 699-700.)

[5]    Plaintiff's request that we take judicial notice of certain documents on appeal is granted.  Among the documents attached to that request is a copy of the trial court's tentative ruling on the demurrer that indicates, inter alia, that defendants' request for judicial notice in support of its demurrer was granted.

3

## DISCUSSION

### A. Standard of Review

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].) Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. (*Ibid.*; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967 [9 Cal.Rptr.2d 92, 831 P.2d 317] (*Aubry*).) When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. (*Zelig*, *supra*, 27 Cal.4th at p. 1126.) And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse. (*Ibid.*)" (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)

### B. Standing to Assert Prepetition Claims

#### *1. Applicable Legal Principles*

Defendants contend that because most of plaintiff's claims are the property of the bankruptcy estate, she lacks standing to pursue them. Although defendants did not raise the standing issue in the trial court, we address it at the outset because contentions based on lack of standing can be raised at any time, including for the first time on appeal. ""'[C]ontentions based on a lack of standing involve jurisdictional challenges and may be raised at any time in the proceeding." (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438 [261 Cal.Rptr. 574, 777 P.2d 610].)'" (*Associated Builders and Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 361.) "Lack of standing, . . . is not waived by failure to timely object. (*Parker v. Bowron* [(1953)] 40

4

Cal.2d [344,] 351.)  Indeed, lack of standing to sue can be raised at any time, even for the first time on appeal.  (See *Common Cause v. Board of Supervisors* [, *supra,*] 49 Cal. 3d [at pp.] 438-439 [261 Cal.Rptr. 574, 777 P.2d 610].)"  (*Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1604)

### 2.    *Property of Bankruptcy Estate*

"As a general matter, upon the filing of a petition for bankruptcy, 'all legal or equitable interests of the debtor in property' become the property of the bankruptcy estate and will be distributed to the debtor's creditors.  [11 U.S.C.] section 541(a)(1)."  (*Rousey v. Jacoway* (2005) 544 U.S. 320, 325.)  The Historical and Statutory Notes for section 541 provide:  "This section defines property of the estate, and specifies what property becomes property of the estate.  The commencement of a bankruptcy case creates an estate.  [T]he estate is comprised of all legal or equitable interest of the debtor in property, wherever located, as of the commencement of the case.  The scope of this paragraph is broad.  It includes all kinds of property, including tangible or intangible property, [and] *causes of action . . . .*"  (11 U.S.C.A. § 541, Revision Notes and Legislative Reports (1978 Acts), italics added.)

"In the context of bankruptcy proceedings, it is well understood that 'a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed.'  *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam).  The commencement of Chapter 7 bankruptcy extinguishes a debtor's legal rights and interests in any pending litigation, and transfers those rights to the trustee, acting on behalf of the bankruptcy estate.  *See* 11 U.S.C. § 541(a)(1) (indicating that a bankruptcy estate includes 'all legal or equitable interests of the debtor in property'); *id.* § 323 (establishing the bankruptcy trustee as the 'representative' of the estate with the 'capacity to sue and be sued' on its behalf).  Thus, '[g]enerally speaking, *a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate*, and only the trustee in bankruptcy has standing to pursue it.'  (*Parker* [*v. Wendy's Int'l, Inc.* (11

5

Cir. 2004)] 365 F.3d [1268,] 1272; *accord Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004); *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 535 (4th Cir. 1997)." (*Moses v. Howard University Hospital* (D.C. Cir. 2010) 606 F.3d 789, 795, italics added.)

In a bankruptcy proceeding, the "bankruptcy code place[s] an affirmative duty on [the debtor] to schedule his assets and liabilities. [11 U.S.C.,] § 521(1). If he fail[s] properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and [does] not revert to []the debtor]. *See Stein v. United Artists Corp.*, 691 F.2d 885, 893 (9th Cir. 1982) (holding that only property 'administered or listed in the bankruptcy proceedings' reverts to the bankrupt); *accord Hutchins v. IRS*, 67 F.3d 40, 43 (3d Cir. 1995); *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991) (holding that property is not abandoned by operation of law unless the debtor 'formally schedules the property before the close of the case')." (*Cusano v. Klein* (9th Cir. 2001) 264 F.3d 936, 945.)

Here, the vast majority of the claims asserted in the first amended complaint were based upon prepetition events and conduct, such as, for example, alleged representations made in connection with 2006 loan, the 2009 modification, and the three 2010 modification applications. Thus, those claims became the property of the bankruptcy estate upon the filing of the petition, and only the trustee has standing to assert them. Moreover, because plaintiff did not list the claims based on prepetition events and conduct as her personal property in the bankruptcy petition, those claims remained the property of the estate even after the discharge order. Therefore, plaintiff has no standing to pursue her claims based on prepetition events and conduct.

Plaintiff contends that her claims based upon prepetition events and conduct are not the property of the bankruptcy estate because she did not discover the facts giving rise to such claims until well after the bankruptcy petition had been filed and, therefore, those claims had not "accrued" for statute of limitations purposes at the time she filed the petition. We disagree that plaintiff owns the prepetition claims.

The issue of accrual of a cause of action and the issue of when the statute of limitations begins to run for a particular cause of action "are two separate and distinct

6

issues aimed at very different problems." (*State Farm Life Ins. Co. v. Swift* (5th Cir. 1997) 129 F.3d 792, 796.) "Discovery is relevant to the determination of when the statute of limitations begins to run, but it is not an element necessary for the cause of action to accrue for purposes beyond the statute of limitations." (*Id.* at p. 798.) Therefore, when determining whether a cause of action accrues for ownership purposes in a bankruptcy proceeding, "[t]he time of discovery of the injury is not relevant to [the] inquiry. A cause of action can accrue for ownership purposes before the statute of limitations for that cause of action has begun to run." (*Ibid.*; *In re Alvarez* (11th Cir. 2000) 224 F.3d 1273, 1276; *Cusano v. Klein, supra,* 264 F.3d at p. 947.)

Based on the foregoing authorities, plaintiff's argument concerning delayed discovery of her prepetition claims is irrelevant to the issue of whether those claims had accrued for purposes of ownership under the bankruptcy law. Therefore, even assuming that plaintiff was unaware of the facts giving rise to her claims based on prepetition conduct and events, that delayed discovery does not alter the conclusion that those claims accrued prior to the filing of the bankruptcy petition and were the property of the bankruptcy estate.

### C. Claims Based on Postpetition Events

Plaintiff's first amended complaint did base certain claims, in part, on postpetition events. For example, in her first cause of action for fraud, plaintiff alleged that "[d]efendants further indicated in writing on March 13, 2012, that plaintiff . . . withdrew her request for a loan modification which was a false statement, and eliminated plaintiff from modification programs." And, in her third cause of action for interference with prospective advantage, plaintiff alleged that "[d]efendants further knew and were fully aware of a nationwide United States Attorney General Settlement Agreement and Consent Judgment filed with the Federal court on March 12, 2012 of which defendants were parties and plaintiff and her mortgages are intended third party beneficiaries."

Those two allegations were clearly based on postpetition events and conduct, such that plaintiff has standing to pursue claims based upon them. But neither allegation, by

7

itself, was sufficient to state the cause of action in which it was included. As to the fraud cause of action, the first amended complaint does not specify how plaintiff relied to her detriment on defendants' allegedly false written statement that she voluntarily withdrew her request for a loan modification. As to the interference with prospective advantage cause of action, the first amended complaint did not specify how defendant tortuously interfered with the prospective economic advantage that plaintiff allegedly had in the settlement agreement and consent judgment. Because neither allegation was sufficient to state the cause of action in which it was included, the trial court properly sustained the demurrer to the first and third causes of action to the extent those claims were based on postpetition events.

Plaintiff contends that the trial court abused its discretion when it refused to grant her an opportunity to amend her pleading. "[L]eave to amend is properly granted where resolution of the legal issues does not foreclose the possibility that the plaintiff may supply necessary factual allegations. (E.g., *People ex rel. Dept. of Transportation v. Superior Court* (1992) 5 Cal.App.4th 1480, 1486 [7 Cal.Rptr.2d 498].) If the plaintiff has not had an opportunity to amend the complaint in response to the demurrer, leave to amend is liberally allowed as a matter of fairness, unless the complaint shows on its face that it is incapable of amendment. (*State of California v. Superior Court* (1984) 150 Cal.App.3d 848, 863-864 [197 Cal.Rptr. 914]; cf. *Aubry v. Tri-City Hospital Dist.* [(1990)] 2 Cal.4th [962,] 971; *Temescal Water Co. v. Department of Public Works* (1955) 44 Cal.2d 90, 107 [280 P.2d 1]; *Virginia G. v. ABC Unified School Dist.* (1993) 15 Cal.App.4th 1848, 1852 [19 Cal.Rptr.2d 671].)" (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 747.)

Because the standing issue was not before the trial court at the time it ruled on the demurrer, the distinction between prepetition and postpetition events and conduct was not raised or discussed. Thus, plaintiff did not have an opportunity to propose amendments to the trial court based on postpetition events and conduct. Under these circumstances, fairness requires that plaintiff be granted leave to amend her pleading based on postpetition events and conduct. Accordingly, we reverse the judgment of dismissal and

8

remand the matter to the trial court with instructions to enter an order sustaining the demurrer and granting plaintiff leave to amend her pleading to state causes of action based on postpetition events and conduct only.

**DISPOSITION**

The judgment of dismissal is reversed and the matter is remanded to the trial court with instructions to enter an order sustaining the demurrer and granting plaintiff leave to amend her pleading to state claims based on postpetition events and conduct only. No costs are awarded on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

I concur:

MINK, J.[*]

---

[*]  Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

I respectfully dissent. I would affirm the judgment of dismissal. All of the pre-petition claims of plaintiff, Betsy A. Stansell, against defendants are barred because she has no standing to pursue them. (*Cusano v. Klein* (9th Cir. 2001) 264 F.3d 936, 945-947; *Bostanian v. Liberty Savings Bank* (1997) 52 Cal.App.4th 1075, 1080-1081.) Plaintiff has not set forth any facts which would warrant reversal of the judgment to allow her to allege post-petition misconduct. Every argument in the opening brief relates to pre-petition conduct by defendants. The opening brief fails to articulate any basis for post-petition claims against defendants. Plaintiff's burden is spell out in her brief how she would amend the first amended complaint. (*Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636-637; *People ex rel. Brown v. Powerex Corp*. (2007) 153 Cal.App.4th 93, 112.)

Plaintiff has failed to spell out how she would amend her first amended complaint. The opening brief concludes: "Based on the foregoing law, facts, evidence and argument, and because of the heavy weight of the irreparable harm to Appellant by the loss of her home to foreclosure, Appellant respectfully requests this Court of Appeal vacate the final judgment, with orders to the trial court to allow [Appellant] leave to amend all causes of action, and if so warranted, order rescission of the original mortgage contract based on the fact that the contract is void, as are all subsequent contracts obtained by fraudulent concealment of the fact of a void initial mortgage. [The] [r]escission requested include[s] [an] offset to Appellant of sums paid based on the original amount borrowed, and no offset to Respondents due to unclean hands." At no point does plaintiff seek to allege post-petition misconduct by defendants nor otherwise identified how she would amend the first amended complaint. Therefore, I would affirm the judgment.


TURNER, P. J.