Filed 8/17/16  Aura v. City of Los Angeles CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ALVARO ALEJANDRO AURA, | B268252 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC553821) |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Elia Weinbach, Judge.  Affirmed.

Law Offices of Eric Bryan Seuthe & Associates, Eric Bryan Seuthe and Terrence I. Swinson for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Amy Jo Field, Assistant City Attorney, Wendy Shapero, Deputy City Attorney for Defendant and Respondent.

_____

Alvaro Aura appeals the dismissal of his personal injury complaint against the City of Los Angeles (City) without leave to amend. Aura contends he stated a cause of action for a dangerous condition of public property sufficient to withstand the City's demurrer. We affirm the judgment.

## FACTS

Aura was hit by a car while crossing the street at a crosswalk at 11:00 p.m. on November 13, 2013, and suffered significant injuries. Aura submitted a claim for damages to the City of $1,000,000, filed pursuant to Government Code[1] section 905 on February 26, 2014. When that claim was denied, Aura brought suit against the City on August 6, 2014, alleging his injuries were caused by a dangerous condition of public property in violation of section 835. Aura specifically alleged, "the single globe overhanging lamp standard was hidden by significantly overgrown trees causing the crosswalk to be dark and individuals therein to be unobservable by motorists and obstructing the view of motorists of pedestrians in the crosswalk." Aura alleged the City knew or should have known of this dangerous condition and should have taken measures to repair or protect against it.

The City demurred to the complaint on the grounds it had no duty to light the street or to maintain lighting, even at a crosswalk, and its failure to provide adequate lighting was not a physical condition of the property. The trial court sustained the demurrer without leave to amend, finding ample legal support for the City's position that it had no duty to light the area. Aura timely appealed.

## DISCUSSION

On appeal, Aura claims he has stated facts sufficient to overcome a demurrer. Aura believes the question of whether a dangerous condition exists is a factual question to be determined at trial, not to be decided at the demurrer stage. At a minimum, he contends he should have been given leave to amend his complaint.

---

[1] All further section references are to the Government Code unless otherwise specified.

Our review of this matter is guided by well established rules: "'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Additionally, courts have held that "on a statutory cause of action, the plaintiff must set forth facts in his complaint sufficiently detailed and specific to support an inference that each of the statutory elements of liability is satisfied. General allegations are regarded as inadequate." (*Mittenhuber v. City of Redondo Beach* (1983) 142 Cal.App.3d 1, 5 (*Mittenhuber*); *People ex rel Dept. of Transportation v. Superior Court* (1992) 5 Cal.App.4th 1480, 1485-1486; *Susman v. City of Los Angeles* (1969) 269 Cal.App.2d 803, 809.) Accordingly, a complaint alleging a dangerous condition may not rely on generalized allegations, but must set forth detailed and specific facts to support an inference that a dangerous condition existed. (*Mittenhuber, supra,* at p. 5.) A demurrer is properly sustained if the facts pleaded by the plaintiff as a matter of law cannot support the finding of the existence of a dangerous condition within the meaning of the statutory scheme. (*Id.* at pp. 5-12; *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1133-1139 [trial court correctly sustained demurrer to complaint alleging dangerous condition because plaintiff was "unable to point to any defective aspect of the purely physical condition of the property"].)

3

Here, Aura has failed to plead sufficient facts to demonstrate a dangerous condition existed under section 835. To state a cause of action against a municipality under section 835, a plaintiff must plead specific facts showing: (1) a dangerous condition existed on the public property at the time of the injury; (2) the condition proximately caused the injury; (3) the condition created a reasonably foreseeable risk of the kind of injury sustained; and (4) the municipality had actual or constructive notice of the dangerous condition of the property in sufficient time to have taken measures to protect against it. (§ 835[2]; *Vedder v. County of Imperial* (1974) 36 Cal.App.3d 654, 659.)

A dangerous condition is defined as "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) A dangerous condition "[m]ost obviously . . . exists when public property is physically damaged, deteriorated, or defective in such a way as to foreseeably endanger those using the property itself." (*Bonanno v. Central Contra Costa Transit Authority* (2003) 30 Cal.4th 139, 148.) "Liability for injury caused by a dangerous condition of property has been imposed when an unreasonable risk of harm is created by a combination of defect in the property and acts of third parties." (*Hayes v. State* (1974) 11 Cal.3d 469, 472.)

The factual scenario presented by this case is not new. Courts applying these rules to identical facts have concluded as a matter of law: "'In the absence of a statutory or charter provision to the contrary, it is generally held that a municipality is under no duty

---

[2]    Section 835 provides: "Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

4

to light its streets even though it is given the power to do so, and hence, that its failure to light them is not actionable negligence, and will not render it liable in damages to a traveler who is injured solely by reason thereof. A duty to light, and the consequent liability for failure to do so, may, however, arise from some peculiar condition rendering lighting necessary in order to make the streets safe for travel.'" (*Antenor v. City of L.A.* (1985) 174 Cal.App.3d 477, 483 fns. omitted (*Antenor*), quoting 39 Am.Jur.2d, Highways, Streets and Bridges, § 405, pp. 803-804.)

In *Plattner v. City of Riverside* (1999) 69 Cal.App.4th 1441 (*Plattner*), the court addressed "whether a city's failure to maintain a streetlight over a crosswalk creates a dangerous condition of public property." (*Id.* at p. 1443.) It found as a matter of law that the city had no duty to provide street lighting and no duty to maintain that lighting, even at a crosswalk where the plaintiff was hit by a car. The court noted, "While denominated a summary judgment motion, the dispositive issue does not depend on the particular facts of this case but, instead, is wholly a question of law." (*Id.* at p. 1444.)

It found the plaintiff failed to claim or show there was anything dangerous about the crosswalk other than the absence of light. It reasoned, "darkness is a naturally occurring condition that the city is under no duty to eliminate. Thus, the fortuity of locating the streetlight at a spot where it illuminates the crosswalk does not render the crosswalk dangerous without light." (*Plattner, supra,* at p. 1445.) "In short, the crosswalk at issue here was no more dangerous with the inoperative streetlight than it would have been if the city had not installed the light at all. Under the undisputed facts of this case, the unlighted crosswalk, as a matter of law, did not constitute a dangerous condition of public property within the meaning of Government Code section 830." (*Id.* at p. 1446.) Accordingly, "the crosswalk was not dangerous in the abstract and therefore did not constitute a peculiar condition rendering lighting necessary." (*Id.* at p. 1445.)

In *Mixon v. Pacific Gas & Electric Co.* (2012) 207 Cal.App.4th 124 (*Mixon*), a boy was struck by a car while walking ahead of his family in a marked crosswalk. The family sued, faulting the city and utility company for the lack of lighting directly

over the crosswalk, the lack of traffic control signals or signs at the intersection, and the design of the intersection. The trial court granted summary judgment to the defendants, concluding the intersection was not in a dangerous condition. The appellate court agreed, holding, "[a] public entity, which has no general duty to light its streets, cannot be held liable for failing to provide a consistent level of lighting between one street and the next." (*Id.* at p. 134.)

Given the consistent holdings in *Mixon, Plattner, and Antenor*, the trial court did not abuse its discretion to sustain the City's demurrer. Aura's complaint describes the dangerous condition as: "the single globe overhanging lamp standard was hidden by significantly overgrown trees causing the crosswalk to be dark and individuals therein to be unobservable by motorists and obstructing the view of motorists of pedestrians in the crosswalk." As in each of the cases discussed above, a lack of light, whether from a faulty streetlamp or obscuring branches, does not render the crosswalk dangerous without light.

We are not persuaded by Aura's reliance on cases which have found an absence of lighting, in addition to other factors, can render public property a dangerous condition. There is no "other factor" which renders the crosswalk a dangerous condition in this case. As discussed above, Aura's complaint is limited to the tree branches obscuring the streetlight. This does not constitute "'some peculiar condition rendering lighting necessary in order to make the streets safe for travel.'" (*Antenor, supra,* 174 Cal.App.3d at p. 483; *Plattner*, *supra,* 69 Cal.App.4th at p. 1445.) As ably explained by the *Plattner* court, "darkness is a naturally occurring condition that the city is under no duty to eliminate." (*Plattner, supra,* at p. 1445.) "[I]t is obvious to all when a streetlight is out. Therefore, a pedestrian such as plaintiff cannot claim [he] relied on the inoperative streetlight in order to cross the street." (*Id.* at p. 1446.) Similarly, it was obvious that the crosswalk was dark and the branches obscured a streetlight. The City was under no duty to light the crosswalk.

6

The cases cited by Aura are factually distinguishable. (*Peterson v. San Francisco Community College Dist.* (1984) 36 Cal.3d 799 [thick and untrimmed foliage and trees around the parking lot and stairway permitted the assailant to perpetrate an attempted rape]; *Slapin v. Los Angeles International Airport* (1976) 65 Cal.App.3d 484 [insufficient lighting in parking lot constituted a dangerous condition creating a substantial risk of muggings]; *De La Rosa v. City of San Bernardino* (1971) 16 Cal.App.3d 739 [stop sign obscured by shrubbery]; *Bakity v. County of Riverside* (1970) 12 Cal.App.3d 24 [trees obstructed view of approaching vehicles within 100 feet of intersection].) More importantly, none of them overturn the holding in *Antenor, Mixon,* and *Plattner.*

Finally, we note Aura failed to provide a proposed amendment to cure the defect in his complaint at the trial court and on appeal. Thus, Aura has not satisfied his burden to show the trial court abused its discretion in denying leave to amend. (*Tiffany v. Sierra Sands Unified School Dist.* (1980) 103 Cal.App.3d 218, 226; *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636-637.)

## DISPOSITION

The judgment is affirmed. The City is awarded costs on appeal.

BIGELOW, P.J.

We concur:

RUBIN, J.

GRIMES, J.

7