Filed 12/6/21  Johnson v. AIM and Associates CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| AMY JOHNSON, | C088585 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV0040614) |
| v. | |
| AIM AND ASSOCIATES, INC., et al., | |
| Defendants and Respondents. | |

Plaintiff Amy Johnson appeals from a judgment of dismissal following the trial court's sustaining of a demurrer against her second amended complaint without leave to amend.  She sought to recover for injuries sustained when, while she was trying to keep an employee of defendant AIM and Associates, Inc., from entering an apartment, the employee pushed and kicked open the door, hitting plaintiff.

We conclude plaintiff alleged sufficient facts to pursue some of her causes of action, and we reverse in part.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

The second amended complaint uses the Judicial Council's form complaint for personal injury and property damage. Unlike most written complaints, the form complaint does not include language incorporating one cause of action's factual allegations into another cause of action. Much of the defendants' argument criticizes plaintiff for not stating facts in a particular cause of action when relevant facts are stated in other parts of the complaint. In her brief, plaintiff effectively states she pleaded all known material facts. ("The facts have not changed. No new fact was introduced . . . .") Because we try to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory, we infer that all facts pleaded apply to each of plaintiff's causes of action unless the second amended complaint specifies otherwise.

For purposes of our review, we accept as true all of the complaint's material allegations. (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1049, fn. 2.) Plaintiff alleges the following:

On January 20, 2016, plaintiff met with defendant Neil Kesler, a disabled individual, in Kesler's apartment. Kesler had invited plaintiff there to meet defendant Danielle Fernandez. Fernandez was an "Independent Living Skills" employee of AIM and Associates, Inc. (AIM). Kesler wanted plaintiff to advocate for him, something plaintiff had done the prior six years.

For reasons unexplained in the complaint, plaintiff tried to keep Fernandez out of the apartment "by closing the door for a long period of time in defense of herself" and Kesler. Fernandez harmed plaintiff "in the process of trying to push her way into Neil Kesler's apartment, by pushing and kicking a door which collided with plaintiff's body, including her head, shoulders, and knees, causing personal injury to plaintiff." Kesler also opened the door from inside, hitting plaintiff on the head.

Fernandez prevented plaintiff from leaving the apartment for more than two hours. Plaintiff accused Fernandez of "screaming at the plaintiff for hours, causing her to fear for her life, getting in her face, following the plaintiff and blocking the only exit, abusing the plaintiff." Plaintiff repeatedly asked Fernandez to leave, but Fernandez refused. She sat on a coffee table, acted "erratically with egregious behavior," and displayed "aggressive behavior" toward plaintiff. Despite being asked by plaintiff, Fernandez refused to call her boss or 911.

Plaintiff filed this action on January 9, 2018. The second amended complaint named as defendants Fernandez, AIM, Kesler, "Alta CA Regional Center," and the companies that owned and managed Kesler's apartment building. In this appeal, plaintiff challenges the court's dismissal of her causes of action against only Fernandez and AIM.

Plaintiff alleged four "causes of action" against Fernandez and AIM. The second cause of action, "Intentional Tort" against Fernandez, alleged that Fernandez assaulted and battered plaintiff when she pushed and kicked the door open, injuring plaintiff. The cause of action also alleged that Fernandez falsely imprisoned plaintiff and later made false reports about the incident.

The fourth cause of action, "General Negligence" against AIM, alleged that AIM damaged plaintiff because it "negligently hired and supervised" Fernandez. Fernandez also was "acting in the course and scope of her employment with AIM" when she injured plaintiff.

The seventh cause of action, "General Negligence" against Fernandez, alleged that Fernandez negligently caused damage to plaintiff because she "acted with reckless behavior and failed to use reasonable care towards the plaintiff, causing significant emotional and physical harm . . . ." Fernandez also "denied the plaintiff her civil right to speak or advocate for a disabled client when asked." While working for AIM, Fernandez "did not act as a reasonable employee would" by engaging in the actions described above.

3

The eighth cause of action, "Premises Liability" against AIM and Fernandez, alleged that AIM and Fernandez, as agents and employees of the other defendants, were liable for plaintiff's injuries at Kesler's apartment because defendant "Alta CA Regional Center negligently hired and supervised AIM . . . who negligently hired, trained and supervised . . . Fernandez who Assaulted and Battered Plaintiff after falsely imprisoning her."

Plaintiff attached a statement of exemplary damages to the complaint. The statement alleged that Fernandez was guilty of malice, fraud, and oppression because she: (a) made a different report to police than she did in the "Witness statement"; (b) requested a restraining order after falsely alleging that plaintiff had contacted her; (c) refused to provide proof that she had been fired from her job or had quit; (d) required plaintiff to "buy addictive medication ten months after the incident as she was aware the Plaintiff was a drug and alcohol counselor and against Plaintiffs [*sic*] values"; (e) refused "to provide proof of injury or medical treatment other than a massage"; and (f) "partially disabled the Plaintiff and caused severe injury after verbally abusing, harassing, assaulting and battering the Plaintiff . . . ."

AIM and Fernandez filed a demurrer to the second amended complaint. They also filed a motion to strike the complaint's averments for punitive and exemplary damages.

The trial court sustained AIM and Fernandez's demurrer to the second amended complaint without leave to amend and dismissed the action with prejudice. The court stated, "Plaintiff fails to allege sufficient facts to support [her] second, fourth, seventh, or eighth causes of action against the moving defendants. Plaintiff has submitted three separate operative pleadings to the court but still fails to allege viable causes of action against the defendants. In light of plaintiff's continued inability to allege viable claims against the moving defendants, the demurrer is sustained without leave to amend."

The trial court also ruled that AIM and Fernandez's motion to strike was moot.

4

DISCUSSION

I

*Standard of Review*

"In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1230.) Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment. The plaintiff bears the burden of proving an amendment could cure the defect. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)" (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)

We give the complaint a reasonable interpretation. We do not assume the truth of contentions, deductions, or conclusions of law. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) We must affirm the judgment if any one of grounds of demurrer is well taken, but it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action "under any possible legal theory." (*Id*. at p. 967.)

Plaintiff's brief includes factual allegations that were not included in the complaint. We do not consider them in deciding whether the demurrer was properly sustained, but we have considered them in deciding whether plaintiff should have been granted leave to amend. (*King v. CompPartners, Inc., supra*, 5 Cal.5th at p. 1049, fn. 2.)

II

*Failure to State a Cause of Action*

Plaintiff contends the second amended complaint alleged sufficient facts to survive a general demurrer. "To survive a demurrer, the complaint need only allege facts sufficient to state a cause of action; each evidentiary fact that might eventually form part of the plaintiff's proof need not be alleged." (*C.A. v. William S. Hart Union High School*

*Dist.* (2012) 53 Cal.4th 861, 872.) Use of the Judicial Council form complaint " 'for the most common civil actions has *not* changed the statutory requirement that the complaint contain "*facts* constituting the cause of action." ' [Citation.] Thus, in order to be demurrer-proof, a form 'complaint must contain whatever *ultimate facts* are essential to state a cause of action under existing statutes or case law.' [Citation.]" (*People ex rel. Dept. of Transportation v. Superior Court* (1992) 5 Cal.App.4th 1480, 1484, original italics.)

We review the complaint to determine whether it contains sufficient facts to state each cause of action plaintiff alleged. Again, because we also look to see whether plaintiff can state a cause of action under any legal theory, we infer that all factual allegations contained in the complaint apply to all causes of action.

### A. Intentional tort by Fernandez

Plaintiff's second cause of action, intentional tort by Fernandez, actually alleges four causes of action: assault, battery, false imprisonment, and "false reports."

#### 1. Assault and battery

Assault and battery are separate crimes as well as separate torts, and courts usually assume that the Penal Code definitions and related criminal cases apply to the tort actions. (See *Fraguglia v. Sala* (1936) 17 Cal.App.2d 738, 742.) "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (Pen. Code, § 240.) "A battery is any willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.) "Harmful or offensive contact, intentionally done, is the essence of battery (Rest.2d, Torts § 18), while apprehension of that contact is the basis of assault (Rest.2d, Torts § 21)." (5 Witkin, Summary of Cal. Law (11th ed. 2021) Torts, § 454.)

To plead a cause of action for assault, the plaintiff must allege facts showing that "(1) defendant acted with intent to cause harmful or offensive contact, or threatened to

6

touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." (*So v. Shin* (2013) 212 Cal.App.4th 652, 668-669.)

To plead a cause of action for battery, the plaintiff must allege facts showing that "(1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." (*So v. Shin, supra*, 212 Cal.App.4th at p. 669.)

The second amended complaint alleged that Fernandez "intentionally caused the damage to plaintiff . . . in the process of trying to push her way into Neil Kesler's apartment, by pushing and kicking a door which collided with plaintiff's body . . . causing personal injury to plaintiff." Fernandez argues that this pleading omits an allegation that she intended to harm plaintiff and alleges only that she intended to push her way into Kesler's apartment. Fernandez does not recognize the printed allegation in the Judicial Council form which supplies the allegation of intent. The form reads, "By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff . . . ." When read with the printed language, the allegation avers that Fernandez, while trying to push her way into Kesler's apartment, intentionally caused the damage to plaintiff by pushing and kicking open the door. This is a sufficient allegation of intent to harm, and the trial court erred in sustaining the demurrer to these causes of action.

7

## 2. False imprisonment

The tort of false imprisonment consists of the " 'nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.' [Citation.]" (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1123.)

Plaintiff's cause of action for false imprisonment runs afoul of the statute of limitations. Unlike claims for personal injury, which must be brought within two years, claims for false imprisonment must be brought within one year from the alleged restraint. (Code Civ. Proc., § 340, subd. (c).) The complaint alleges that the false imprisonment occurred and ended on January 20, 2016. Plaintiff brought this action on January 9, 2018, more than one year later. A complaint showing on its face that the cause of action is barred by the statute of limitations is subject to demurrer. (*Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 324.) The trial court correctly sustained the demurrer to this cause of action without leave to amend.

## 3. False reports

Plaintiff alleges that Fernandez made "false reports" about the incident, causing plaintiff financial damages. The second amended complaint offers no other information about this allegation except in the statement of exemplary damages, where plaintiff alleges that Fernandez "made a differing report to the police than she did in the Witness statement that affected the case negatively that was later sealed by the Judge and not allowed to be read."

Plaintiff discusses the allegation in her opening brief only as part of her argument for punitive damages. She argues that the misrepresentation caused her "to be oppressed when falsely accused when it was the plaintiff who was the victim that was severely injured . . . ."

The allegation sounds in fraud and deceit. To recover for the tort of deceit, a complaint must allege with specificity "(1) a knowingly false representation by the

8

defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." (*Service by Medallion Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807, 1816.)  Plaintiff's complaint does not state the misrepresentation, allege that the misrepresentation was made with the intent to deceive plaintiff, or allege that plaintiff justifiably relied on the misrepresentation to her detriment.  The allegations in the complaint indicate the misrepresentation was not made to plaintiff or with the intent to induce her to rely on it.  Plaintiff does not indicate how she could amend this cause of action to state an actionable claim.  The trial court correctly sustained the demurrer to this cause of action without leave to amend.

### B.    General negligence by AIM

Plaintiff's fourth cause of action titled "General Negligence" alleges that AIM caused plaintiff's damage because it negligently hired and supervised Fernandez, and that Fernandez was acting in the course and scope of her employment when she injured plaintiff.

#### 1.    Negligent hiring and supervision

In California, "an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee.  (*Evan F. v. Hughson United Methodist Church* (1992) 8 Cal.App.4th 828, 836.)  Liability is based upon the facts that the employer knew or should have known that hiring [or retaining] the employee created a particular risk or hazard and that particular harm materializes.  (*Id.* at pp. 836-837.)" (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038, 1054.)

In her second amended complaint, plaintiff alleged only that AIM negligently hired and supervised Fernandez.  She pleaded no facts showing that AIM knew or should have known that Fernandez was or became unfit to perform her employment or that the particular risk created by hiring her materialized in the harm plaintiff suffered.  A bare

9

allegation of negligent hiring and supervision without also pleading the essential facts to support the tort's elements is insufficient to survive demurrer.

Plaintiff argues that if given leave to amend, she would allege that she recognized during the incident and afterward that Fernandez was an addict or abuser of prescription drugs and that she was under the influence during the incident. Those purported facts do not rescue the pleading. The issue is not plaintiff's knowledge. The purported facts do not show that AIM knew or should have known by the time of the incident that hiring or maintaining Fernandez created a particular hazard and that particular harm occurred. We agree with the trial court's order sustaining the demurrer on this cause of action without leave to amend.

### 2. Respondeat superior

"The rule of respondeat superior is familiar and simply stated: an employer is vicariously liable for the torts of its employees committed within the scope of the employment. . . . [A]n employee's willful, malicious and even criminal torts may fall within the scope of his or her employment for purposes of respondeat superior, even though the employer has not authorized the employee to commit crimes or intentional torts." (*Lisa M. v. Henry Mayo Newhall Memorial Hospital* (1995) 12 Cal.4th 291, 296-297, fn. omitted.)

AIM contends the second amended complaint does not adequately plead respondeat superior because it pleads no actual facts to support its conclusory allegation that "Fernandez was acting in the course and scope of her employment with AIM" when she injured plaintiff.

The essential elements of respondeat superior are that the agent was the employer's employee, the agent harmed the plaintiff, and that the agent did so while acting within the course and scope of his or her employment. (See CACI No. 3701) A general averment that the wrongdoer was the defendant's employee and was acting in the

10

scope of her employment when she injured the plaintiff is sufficient to survive demurrer. (See *Kiseskey v. Carpenters' Trust for So. California* (1983) 144 Cal.App.3d 222, 230; 5 Witkin, Cal. Procedure (5th ed. 2020) Pleading, § 920.)

Although not a model pleading, the second amended complaint sufficiently alleges the elements of respondeat superior. It alleges that Fernandez was an Independent Living Skills employee of AIM. During the course and scope of her employment, she intentionally and negligently harmed plaintiff by pushing and kicking the door in to Kesler's apartment, hitting plaintiff. The trial court erred in sustaining the demurrer to this cause of action.

## C. General negligence by Fernandez

Plaintiff's seventh cause of action titled "General Negligence" alleges that Fernandez "acted with reckless behavior and failed to use reasonable care towards the plaintiff, causing significant emotional and physical harm including partial disability of the plaintiff and over $10,000 in medical and legal bills for the plaintiff." Plaintiff also alleges in this cause of action that Fernandez denied plaintiff her "civil right" to speak or advocate for her client; did not act as a reasonable employee by screaming at plaintiff for hours, "getting in her face, following the plaintiff and blocking the only exit, abusing the plaintiff"; and that Fernandez refused to leave or call her boss or 911 when plaintiff requested.

To plead actionable negligence, the complaint must allege facts showing that the defendant owed a legal duty of care toward plaintiff, the defendant breached that duty, and the breach was the proximate or legal cause of the resulting injury. (*Hoyem v. Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508, 513-514; 5 Witkin, Cal. Procedure, *supra*, Pleading, § 576.) Although the legal conclusion that a duty of care exists "is neither necessary nor proper in a complaint, facts that cause it to arise (or from which it is 'inferred') are essential to the cause of action." (*Id*. at § 580.) Whether a duty

11

actually exists in a particular case is a question of law for the court. (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 674, disapproved on another ground in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527, fn. 5.) However, a complaint that does not plead facts showing a legal duty of care was owed is fatally defective. (*Hegyes v. Unjian Enterprises, Inc.* (1991) 234 Cal.App.3d 1103, 1111.)

Fernandez argues that the second amended complaint does not allege facts showing the existence of a duty of care. She claims plaintiff alleges reckless behavior and lack of reasonable care without relying on actual facts.

California law in general imposes on every person a general duty to use ordinary care. " 'All persons are required to use ordinary care to prevent others being injured as the result of their conduct.' " (*Rowland v. Christian* (1968) 69 Cal.2d 108, 112; see Civ. Code, § 1714.) "[O]rdinary care is that degree of care which people of ordinarily prudent behavior can be reasonably expected to exercise under the circumstances of a given case." (*Hilyar v. Union Ice Co.* (1955) 45 Cal.2d 30, 36.)

Plaintiff's allegations pleaded sufficient facts showing the existence of a duty of care. The second amended complaint alleges that Fernandez negligently caused damage to plaintiff when she acted with "reckless behavior" and failed to use reasonable care in pushing and kicking the apartment door in, hitting plaintiff. Fernandez's actions were the proximate cause of plaintiff's damages. As a result of Fernandez's actions, plaintiff suffered physical harm and incurred medical expenses. It can be inferred from these facts that Fernandez owed a duty to plaintiff to use ordinary care to prevent plaintiff from being injured when she sought to enter Kesler's apartment, that she breached that duty of care by pushing and kicking in the door, and that plaintiff was injured as a result. The trial court erred in sustaining the demurrer to this cause of action.

D.      Premises liability against AIM and Fernandez

Plaintiff's eighth cause of action, titled "Premises Liability," alleges that Kesler and the companies that owned and managed Kesler's apartment complex negligently owned, maintained, managed and operated the apartment building and that they intentionally or negligently failed to warn plaintiff against a dangerous condition, use or activity on the property.  Of relevance here, plaintiff further alleges that Fernandez, AIM, Alta CA Regional Center, and the apartment building's ownership and management companies were agents and employees of each other and are liable to plaintiff because Alta CA Regional Center negligently hired and supervised AIM, who negligently hired and trained Fernandez, who assaulted and battered plaintiff.

Premises liability is a form of negligence.  (*Brooks v. Eugene Burger Management Corp.* (1989) 215 Cal.App.3d 1611, 1619.)  "[T]he duty to take affirmative action for the protection of individuals coming upon the land is grounded in the possession of the premises and the attendant right to control and manage the premises."  (*Sprecher v. Adamson Companies* (1981) 30 Cal.3d 358, 368.)  Because plaintiff has not alleged that Fernandez or AIM possessed or controlled the premises, or that any scope of their purported agency included controlling the premises, she cannot establish that they were under a duty to protect plaintiff from injury resulting from a condition of the premises or the wrongful acts of third persons on the premises.

Even if the possession element could be satisfied, an owner or occupier of land held open to the public has a duty to protect visitors from the wrongful acts of third person which threaten the visitors' safety only when he or she "has reasonable cause to anticipate such acts and the probability of resulting injury."  (*Cohen v. Southland Corp.* (1984) 157 Cal.App.3d 130, 137-138.)  Plaintiff did not plead facts showing that either of the defendants acting as agents objectively could foresee that plaintiff would be injured in the manner she was.

13

The complaint attempts to link defendants' alleged agency to the authority to hire. But plaintiff alleged negligent hiring and supervision by AIM in her fourth cause of action, and for reasons expressed above, the trial court did not err in sustaining the demurrer to that cause of action. The trial court thus did not err in sustaining the demurrer to the eighth cause of action without leave to amend.

## III

### *Motion to Strike*

AIM and Fernandez ask us to rule on the merits of their motion to strike should we determine plaintiff has stated a cause of action for intentional tort. We decline the request and will allow the trial court to rule on it in the first instance.

### DISPOSITION

The judgment of dismissal is reversed to the extent the trial court sustained without leave to amend the demurrer to the second amended complaint's causes of action against Fernandez for assault, battery, and negligence and the cause of action against AIM for respondeat superior. In all other respects, the judgment is affirmed.

Costs on appeal are awarded to plaintiff. (Cal. Rules of Court, rule 8.278(a).)


_____

HULL, J.

We concur:


_____

BLEASE, Acting P. J.


_____

HOCH, J.